## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**RANDOLPH DANDRY,**
     **Petitioner,**

**v.**                                             **Case No. 3:10cv351/MCR/MD**

**KENNETH S. TUCKER,**
     **Respondent.**

_____

## REPORT AND RECOMMENDATION

     Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1).  Respondent has filed a motion to dismiss the petition as untimely (doc. 19).  Petitioner filed a response stating his petition is timely and he is entitled to relief (doc. 30).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by Mr. Dandry, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

     The petitioner, Randolph Dandry, was charged by information in the Circuit Court of Okaloosa County, Florida, with robbery without a weapon, a second degree

felony (doc. 19, ex. F, p. 5).[1]  On August 7, 2003, Mr. Dandry appeared in court with two other defendants (ex. B, pp. 55-61).  He entered a plea of no contest to the charge.  The plea agreement called for a cap of 18 months imprisonment with the opportunity to argue mitigating circumstances at a sentencing hearing (*id.* at 56-57).  The prosecutor clarified and the court confirmed that the agreement did not indicate probation, but the parties' understanding was that probation would follow imprisonment (*id.*).  On September 15, 2003, the court sentenced Mr. Dandry to 18 months imprisonment followed by five years probation (*id.* at 64-65, 68-69) (Okaloosa County Circuit Court case no. 03-698).

Mr. Dandry's court-appointed counsel subsequently filed a motion to withdraw the plea and a motion to withdraw as counsel, stating Mr. Dandry believed his counsel improperly represented him (ex. B, pp. 41-43).  The court granted both motions and appointed him private counsel (*id.* at 46).  Several days later, the court rescinded its order granting the motion to withdraw the plea and set the matter for an evidentiary hearing (*id.* at 53).  On October 23, 2003, the court entered an order acknowledging that the time to file an appeal expired on October 15, 2003; it extended the deadline to December 15, 2003 (*id.* at 48).  Counsel filed a notice of belated appeal on October 27, 2003 (*id.* at 47).  Despite the trial court's order extending the time to file an appeal, the First District Court of Appeal ("First DCA") ordered counsel to show cause why the appeal should not be dismissed as untimely (ex. A, p. 1). On December 3, 2003, the First DCA dismissed the appeal because counsel failed to respond (*id.* at 2).  It also denied counsel's motion to reinstate the appeal (*id.* at pp. 3-6).

On January 14, 2004, the trial court held an evidentiary hearing on Mr. Dandry's motion to withdraw his plea (ex. B, pp. 81-86).  At the hearing, counsel orally withdrew the motion and announced a new agreement with the state wherein Mr. Dandry's sentence would be modified to 18 months imprisonment followed by

---

[1]  Hereafter all references to exhibits will be to doc.19 unless otherwise noted.

two years probation (*id.* at 82).  The trial judge asked Mr. Dandry if that was his understanding of the agreement and Mr. Dandry responded that it was (*id.* at 83-84). The court accepted the agreement and ordered the modification of probation (*id.* at 84; order at ex. B, p. 72).

On April 28, 2004, the First DCA revisited and granted Mr. Dandry's motion for belated appeal.  *Dandry v. State of Florida*, 870 So.2d 963 (Fla. 1st DCA 2004) (copy at ex. C).  In a written opinion, it placed reliance on his counsel acknowledgment that the failure to file a timely appeal was due solely to her negligence (ex. C, p. 2).  The May 14, 2004, mandate from the opinion granting the appeal served as the customary notice of appeal in the circuit court (*id.* at 2,3).

While the appeal was pending, Mr. Dandry filed a notice in the First DCA of his pending motion to correct sentencing error in the circuit court, filed pursuant to Rule 3.800(b), Florida Rules of Criminal Procedure (ex. D).  The notice effectively stayed the appeal until the Rule 3.800 motion was resolved.  The circuit court denied the motion after a hearing held on October 13, 2004 (ex. G).  Mr. Dandry then filed a motion for voluntary dismissal in the First DCA.  On November 23, 2004, the First DCA dismissed the appeal pursuant to Rule 9.350(b), Florida Rules of Appellate Procedure (ex. E).

Mr. Dandry completed his 18-month imprisonment and was released on probation on August 24, 2004 (ex. F, p. 103).  The state filed an affidavit supporting violation of probation on February 24, 2005, with a violation report stating Mr. Dandry committed two new law violations arising out of a domestic dispute (ex. F, pp. 103, 105-06).  The trial court held an evidentiary hearing on June 23, 2005 (ex. F, pp. 133-166).  It found that he violated his probation and sentenced him to fifteen years imprisonment for the underlying second degree felony offense of robbery without a weapon (ex. F, pp. 122, 164-65).  Mr. Dandry appealed the judgment and sentence to the First DCA (ex. F, p. 117).

His counsel on appeal filed an *Anders*[2] brief stating he was unable to make a good faith argument that the trial court committed reversible error (ex. I).  Mr. Dandry then filed a *pro se* initial brief arguing the trial court committed reversible error because his probation was imposed in contravention of his original plea agreement. He also argued it was reversible error to have a "substitute judge" revoke his probation because, under the unique circumstances of the case, the judge was not "thoroughly familiar" with the case (ex. J, pp. 13-17).  On January 12, 2007, the First DCA affirmed the trial court's judgment and sentence.  *Dandry v. State of Florida*, 947 So.2d 1164 (Fla. 1st DCA 2007) (Table) (copy at ex. K).

On November 16, 2006, Mr. Dandry filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, asserting three grounds for relief (ex. L, pp. 1-17).[3]  The Rule 3.850 court denied relief without evidentiary hearing, finding that the record conclusively showed he was not entitled to relief (ex. L, pp. 21-23).  Mr. Dandry appealed the denial (ex. L, p. 72), and the First DCA *per curiam* affirmed the Rule 3.850 court's decision on February 20, 2008.  *Dandry v. State of Florida*, 978 So.2d 161 (Fla. 1st DCA 2008).  The mandate issued on April 24, 2008 (ex. PD-6).

On December 15, 2008, Mr. Dandry filed a motion to correct sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure (ex. P, pp. 1-49).  He challenged the validity of the original plea agreement, alleged sentencing scoresheet errors, and asserted his sentence was disproportionate (*id.*).  The Rule 3.800 court denied the motion without a hearing on March 14, 2009 (ex. P, pp. 62-63).  It stated that all but one of the claims were not cognizable in a Rule 3.800(a) motion, and his

---

[2]  *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3]  For purposes of 28 U.S.C. § 2244(d)(2), federal courts look to the applicable state law governing filings to determine when a state application for post-conviction or other collateral review was "properly filed".  *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000); *Taylor v. Williams*, 528 F.3d 847, 850 (11th Cir. 2008).  Pursuant to the "mailbox rule," which the Florida courts apply to post-conviction pleadings filed by *pro se* prisoners, a motion is filed on the date it was deposited in the prison's mail system.  *See Haag v. State*, 591 So.2d 614, 617 (Fla.1992).

claim regarding a scoresheet error, while cognizable, was meritless (*id.*). Mr. Dandry appealed to the First DCA, which *per curiam* affirmed the court's decision on June 25, 2009 (ex. Q). The mandate issued on July 1, 2009 (*id.*).

Mr. Dandry submitted a second Rule 3.850 motion on November 5, 2009 (ex. R, pp. 1-19). He alleged his trial counsel was ineffective for failing to move to dismiss the 2003 information (*id.*). On January 22, 2010, the Rule 3.850 court denied the motion, stating: "In addition to being untimely, the instant claims are without merit and contradicted by the record." (Ex. R, pp. 30-31). Mr. Dandry appealed (ex. T), and the First DCA *per curiam* affirmed the Rule 3.850 court's decision on June 14, 2010 (ex. U). The mandate issued on June 14, 2010 (ex. V).

Mr. Dandry filed the instant petition for federal habeas corpus on September 7, 2010 (doc. 1).[4]


## DISCUSSION

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A person in custody pursuant to a state court judgment must file a federal habeas corpus petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4] Under the federal "mailbox rule," a *pro se* federal habeas petition is deemed to be filed on the date it is delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2384-85, 101 L. Ed. 2d 245 (1988); *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

**(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

**(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

**28 U.S.C. § 2244(d)(1); *see also McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).  "A judgment becomes 'final' on the date on which the United States Supreme Court issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the ninety days in which the petitioner could file such a petition."  *Ilarion v. Crosby*, 179 Fed. Appx. 653, 654 (11th Cir. 2006) (unpublished opinion) (citing *Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir.2002)).**

**According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not count toward any period of limitation.  28 U.S.C. § 2244(d)(2).  Although the federal statute does not define "properly filed," the United States Supreme Court has construed the phrase.  *See Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *see also Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1315-16 (11th Cir. 2006).  The Court stated in *Artuz* that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." 531 U.S. at 8, 121 S. Ct. at 364. The laws and rules about filings generally prescribe the form of the document, the time limits on its delivery, and the court and office in which it must be filed.  *Id.* Importantly, an application that was erroneously accepted (i.e. it did not comply with procedural requirements) will be pending, but it will not be "properly filed." *Artuz*, 531 U.S. at 9, 121 S. Ct. at 364.**

Federal courts must give "due deference" to state procedural rules governing filings to determine whether an application for post-conviction relief is "properly filed" under § 2244(d)(2). *See Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004). Though deference only applies when the procedural rules are "firmly established and regularly followed," that a state procedural rule is discretionary does not necessarily disqualify it as a "firmly established" and "regularly followed" rule. *See Siebert v. Campbell*, 334 F.3d 1018, 1025 (11th Cir. 2003); *Beard v. Kindler,* __ U.S. __, 130 S. Ct. 612, 618, 175 L. Ed. 2d 417 ( 2009). The Supreme Court has held that when a state court rejects a petitioner's post-conviction petition as untimely, "that is the end of the matter for purposes of § 2244(d)(2)," because "time limits, no matter their form, are 'filing conditions.'" *Pace*, 544 U.S. at 414, 125 S. Ct. at 1812 (quoting § 2244(d)(2)).

The parties do not contend the statutory trigger should be a date other than that prescribed in § 2244(d)(1)(A): the date on which the judgment became final for AEDPA purposes. Instead, they disagree on *when* the judgment became final. Respondent uses November 23, 2004—the date the First DCA granted Mr. Dandry's motion to voluntarily dismiss his belated appeal—as the statutory (doc. 19, p. 5). Mr. Dandry contends the proper trigger is April 12, 2007: ninety days after the First DCA affirmed the trial court's order revoking his probation and imposing a new sentence (*see* doc. 30, p. 2). Mr. Dandry contends the sentence associated with the revocation of probation constitutes a "re-sentencing" (*id.*).

Although the term "re-sentence" is used inconsistently, Mr. Dandry's argument is persuasive. The Eleventh Circuit has held that the "AEDPA's statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) (relying on *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007)); *see also Ferreira*, 494 F.3d at 1292 ("the judgment to which [section 2254(a)] refers is the underlying conviction and *most recent sentence* that authorizes the petitioner's current detention") (emphasis

added).  Thus, if a petitioner is re-sentenced, then his AEDPA statute of limitations would reset on expiration of the opportunity for direct review of the new or amended judgment re-sentencing him.

Section 948.06, Florida Statutes, governing violation of probation, does not use the term "re-sentence."  It states in relevant part:

> (e) After such hearing, the court may revoke, modify, or continue the probation or community control or place the probationer into community control. If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control.

Fla. Stat. § 948.06(e).  However, some Florida courts use the term "re-sentence" instead of "sentence" to describe a defendant's new sentence after a violation of probation.  *See, e.g.*, *State of Florida v. Payne*, 404 So.2d 1055, 1056 (Fla. 1981) ("one who has been sentenced to a period of incarceration and then given a period of probation may, upon revocation of his probation, be re-sentenced to any term which might originally have been imposed"),  *Smith v. State of Florida*, 637 So.2d 84 (Fla. 5th DCA 1994) ("The court, upon finding the violation to have occurred, revoked the probation imposed for each count and resentenced appellant on each charge."). Ultimately, Mr. Dandry's petition is untimely under both parties' theories. Nevertheless, the undersigned uses April 12, 2007, as the date his judgment became final, thus triggering the start of the limitations period.

Mr. Dandry's first Rule 3.850 motion was filed on November 16, 2006, while his appeal from the court's order revoking probation was still pending. This appeal tolled the limitations period until the mandate issued on April 24, 2008.  See *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).

The limitations period ran for 235 days until December 15, 2008, when Mr. Dandry filed his Rule 3.800(a) motion to correct sentence.  *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1297 (11th Cir. 2008) (a motion under Fla. R. Crim. P. 3.800(a) tolls the limitations period if it raises a challenge of legal error).  That motion tolled the statute of limitations until the mandate issued on July 1, 2009.

Mr. Dandry's assertion that he had "ample time remaining" from the lawful trigger to file his federal habeas petition incorrectly characterizes his second Rule 3.850 motion as a tolling motion.  (*See* doc. 30, p. 2).  The Rule 3.850 court denied that motion as untimely (ex. R, p. 30 ("In addition to being untimely, the instant claims are without merit. . .")), and the First DCA affirmed the decision (ex. U).  Because timeliness is a filing condition, the petition was not properly filed so as to toll the statute of limitations.  *See Pace*, 544 U.S. at 414, 125 S. Ct. at 1812.  The court's decision to alternatively consider the merits does not change the result.  The Eleventh Circuit has held that consideration on the merits alone cannot convert an untimely post-conviction motion into a properly filed motion for tolling purposes.  *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008); *see also Sweet,* 467 F.3d at 1318 ("[W]hen a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims.").  Therefore, there were no properly filed pending motions after July 1, 2009, and the statute of limitations expired 130 days later on November 9, 2009.[5]

---

[5]  The one hundred thirtieth day after July 1, 2009 was Sunday, November 8, 2009.  Therefore, time expired on Monday, November 9, 2009.

## CONCLUSION

The undersigned concludes Mr. Dandry's federal petition was filed almost ten months after the statute of limitations expired.  Neither his petition nor his answer contend he is entitled to review under any exception to the time bar.  Therefore, respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is respectfully RECOMMENDED:

1.      That respondent's motion to dismiss (doc. 19) be GRANTED.

2.      That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Randolph Dandry*, in the Circuit Court of Okaloosa County, Florida, case number 03-698, be DISMISSED WITH PREJUDICE.

3.      That a certificate of appealability be DENIED.

At Pensacola, Florida this 9th day of December, 2011.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**